IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO NAVARRO,

        Plaintiff,                 No. 2:09-cv-1878 GEB KJN P

    vs.

DEBRA HERNDON, et al.,

        Defendants.        <u>ORDER</u>

_____/

        On August 10, 2010, the Magistrate Judge issued an order which, inter alia, dismissed defendant Jeanne Woodford, former Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), due to the absence in the complaint of factual allegations that Woodford directly or in her supervisory role violated plaintiff's constitutional rights.

        On August 31, 2010,[1] plaintiff filed a motion for reconsideration of the Magistrate Judge's order.  (Dkt. No. 25.)  Local Rule 303(b) provides that "[r]ulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days

_____

[1]  Although the court docket indicates a filing date of September 2, 2010, the court construes the filing date as the date on which petitioner, proceeding pro se, signed and delivered his brief to prison officials for mailing (see Dkt. No. 25, at 8).  Pursuant to this "mailbox rule," August 31, 2010 is considered the filing date of plaintiff's brief.  See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

1    calculated from the date of service of the ruling on the parties. . ." E.D. Cal. L. R. 303(b).  An

2    additional three (3) days are added to this period when, as here, service of the court's order is

3    made upon plaintiff by mail.  See Fed. R. Civ. P. 6(d), 5(b)(2)(C).  The deadline for filing a

4    motion for reconsideration of the Magistrate Judge's August 10, 2010 Order was therefore

5    August 27, 2010.  Plaintiff's motion for reconsideration, filed August 31, 2010, is therefore

6    untimely.

7              Even if considered on the merits, plaintiff's motion must be denied.  Plaintiff

8    asserts that the requisite causal connection between Woodford and the conduct which plaintiff

9    challenges is demonstrated by the issuance of a decision at the Third Level Review, denying one

10   of plaintiff's administrative appeals, by an Appeals Examiner who acted on behalf of Woodford.

11   Plaintiff also contends that Woodford is responsible for the promulgation of applicable rules and

12   regulations.  However, these allegations, made against Woodford in her official capacity as

13   former CDCR Secretary (and therefore against the state agency itself), are barred by the Eleventh

14   Amendment.  See, e.g., Quern v. Jordan, 440 U.S. 332, 344-45 (1979).  Plaintiff made the same

15   arguments to the Magistrate Judge who properly found these allegations inadequate to state a

16   cognizable cause of action against Secretary Woodford.

17             Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for

18   reconsideration (Dkt. No. 25) is denied.

19   Dated:  September 13, 2010

20

21                                        _____

22                                        GARLAND E. BURRELL, JR.
                                          United States District Judge

23

24

25

26

                                        2