IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO NAVARRO,

      Plaintiff,                      No. 2:09-cv-1878 GEB KJN P

      vs.

DEBRA HERNDON, et al.,

      Defendants.             ORDER

_____/

        Plaintiff, a state prisoner proceeding without counsel in this civil rights action, has filed a second motion for appointment of counsel (Dkt. No. 40), and a motion for enlargement of time (Dkt. No. 39). For the following reasons, the court denies without prejudice plaintiff's motion for appointment of counsel, and grants plaintiff's motion for enlargement of time. The court also extends the deadline within which plaintiff must file an opposition to defendants' pending motion to dismiss.

        Plaintiff moves for enlargement of time to provide additional information for service as ordered by this court on October 12, 2010. (Dkt. No. 39.) Pursuant to order of this court filed September 13, 2010, the United States Marshal was directed to serve plaintiff's complaint on all defendants, but was unable to serve process on defendants Frishman and Griffin due to lack of adequate information. On October 12, 2010, plaintiff was directed to provide the

1

court, within sixty days, the information necessary to effect service of process on these defendants. Plaintiff now requests, by motion filed November 29, 2010, an additional thirty days, up to and including January 8, 2011, within which to provide the requested information. Plaintiff states that he is awaiting responses to several inquiries, identified in his motion, made by both plaintiff and his family. For good cause shown, the court will grant plaintiff's motion.

In addition, plaintiff again seeks appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), asserting, inter alia, that such appointment is dictated by principles of fundamental fairness because the seventeen defendants in this case are represented by the Attorney General. Plaintiff's situation is not unlike most of the prisoner cases pending in this court, and thus plaintiff again fails to demonstrate the required exceptional circumstances at this time. See, e.g., Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court will deny plaintiff's motion without prejudice until resolution of defendants' pending motion to dismiss, filed November 19, 2010, based on the contentions that plaintiff's claims are barred by the statute of limitations and the standards for stating a claim. The resolution of this motion, subject to a liberal construction of plaintiff's complaint, will dictate whether this case proceeds. If so, plaintiff may again move for appointment of counsel.

Plaintiff is reminded that the Local Rules require a response to a motion to dismiss within twenty-one (21) days after its date of service. See Local Rule 230(*l*). As applied here, plaintiff's opposition would be due by December 13, 2010.[1] However, given the delays of service noted herein, and the importance of fully addressing defendants' motion on the merits, the court, sua sponte, hereby extends the deadline for plaintiff's opposition to January 8, 2011.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's November 29, 2010 request for appointment of counsel (Dkt. No.

---

[1] This deadline adds three days for service of the motion. See Fed. R. Civ. P. 6(d).

1 | 40) is denied without prejudice;

2 |     2. Plaintiff's November 29, 2010 motion for extension of time (Dkt. No. 39) is
3 | granted;

4 |     3. Plaintiff is granted up to and including January 8, 2011, in which to submit the
5 | information and documents necessary to effect service of process on defendants Frishman and
6 | Griffin; and

7 |     4. Plaintiff is granted up to and including January 8, 2011, to file and serve his
8 | opposition to defendants' motion to dismiss.

9 |     SO ORDERED.

10 | DATED: December 7, 2010

12 | _____
13 | KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

14 | nava1878.misc