IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO NAVARRO,

        Plaintiff,                  No. 2:09-cv-1878 KJM KJN P

   vs.

DEBRA HERNDON, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. On March 19, 2013, this court granted defendants' request for a protective order, to shield defendants from plaintiff's discovery requests, pending the district judge's decision on this court's supplemental findings and recommendations. Following the district judge's adoption of the supplemental findings and recommendations, the court lifted the stay of discovery and, on March 29, 2013, issued a Discovery and Scheduling Order (Dkt. No. 90). Shortly thereafter, in documents signed on April 2, 2013, plaintiff filed a belated opposition to defendants' motion for protective order (Dkt. No. 93), a motion to compel discovery (Dkt. No. 92), and a motion requesting authorization for plaintiff to propound additional interrogatories (Dkt. No. 91).

////

Plaintiff moves to compel each of the eight defendants to fully answer plaintiff's interrogatories served on February 13, 2013. (Dkt. No. 92.) In addition, plaintiff moves for authorization to propound additional interrogatories. See Fed. R. Civ. P. 33(a)(1); 26(b)(2). (Dkt. No. 91.) Although defendants have not yet filed a response to either of plaintiff's motions, they asserted in their prior motion to stay discovery that plaintiff's propounded interrogatories were unreasonably duplicative, improperly compound, and unduly burdensome. (See e.g. Dkt. No. 87 at 5.)

The court's review of plaintiff's propounded interrogatories (see Dkt. No. 92) supports defendants' characterization. The following example is provided by defendants (Dkt. No. 87 at 5):

> In Interrogatory No. 1, for example, Plaintiff requests that Defendants identify each affirmative defense and (1) state all facts and (2) evidence that will be used to support that defense, (3) identify all documents used to support that defense, (4) identify all persons who have knowledge of facts supporting the defense, and (5) identify all information those persons possess. (Defs' Ex. B.) Although not clearly stated in the Interrogatory No.1, Plaintiff is likely referring to affirmative defenses raised in Defendants' Answer. (November 3, 2011, ECF No. 80.) In their Answer, Defendants raised seven separate affirmative defenses. (Id.) The first interrogatory requests information regarding seven affirmative defenses and contains five subparts. Thus, in his first interrogatory alone, Plaintiff has exceeded his limit of twenty-five and such defects are repeated seven more times.

Rule 33 expressly limits a party to serve another party with only 25 interrogatories, including discrete subparts. See Fed.R.Civ.P. 33(a)(1). "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" Trevino v. ACB American, Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006), quoting Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citation omitted). In contrast, "an interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for

2

admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set." Rawstron, 181 F.R.D. at 446.

The court finds that plaintiff's interrogatories propounded February 13, 2013, exceed the number authorized by Rule 33. Plaintiff therefore has a choice. Plaintiff may choose to: (1) rest on his currently propounded interrogatories, and so inform defendants, in which case defendants need answer only the first 25 interrogatories, see e.g. Jovanovich v. Redden Marine Supply, Inc., 2011 WL 4459171, *3 (W.D. Wash. 2011) (citing cases authorizing responding party to answer only the first 25 interrogatories); (2) identify the 25 interrogatories that plaintiff wants defendants to answer, and so inform defendants; OR (3) withdraw the currently propounded interrogatories, and propound new discovery limited to 25 interrogatories. Plaintiff shall, within seven (7) days after service this order, inform defendants of his choice. If plaintiff chooses Option 2, he shall identify the interrogatories which he wants answered. If plaintiff chooses Option 3, he shall have an additional twenty-one (21) days within which to serve the new discovery requests. Due to these limitations, plaintiff's separate motion for authorization to propound additional interrogatories is denied without prejudice.

The court acknowledges that defendants' task in responding to plaintiff's discovery requests may be challenging, both in construing the requests and providing substantive answers. However, defendants are directed to be forthcoming in their answers, with limited objections. In addition, both plaintiff and defendants are directed to be cooperative in the future to achieve the informal resolution of discovery disputes without court intervention.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery (Dkt. No. 92), is denied.

2. Plaintiff shall, within seven (7) days after service this order, inform defendants whether plaintiff intends to: (1) rest on his currently propounded interrogatories, in which case defendants need answer only the first 25 interrogatories; (2) identify 25 interrogatories, within his currently propounded interrogatories, that plaintiff wants defendants to answer; OR (3) withdraw

the currently propounded interrogatories, and propound new discovery limited to 25 interrogatories, which shall be served within twenty-eight (28) days after service of this order.

       3.  Defendants' answers to plaintiff's interrogatories shall be served within twenty-eight (28) days after plaintiff identifies which interrogatories he wants answered, or serves new interrogatories.

       4.  Plaintiff's motion to propound additional interrogatories (Dkt. No. 91), is denied without prejudice.  Plaintiff may renew this motion, if at all, only after defendants have answered plaintiff's current interrogatories.

       SO ORDERED.

DATED:  April 12, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nava1878.disc.mtns.amd