UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO NAVARRO,<br><br>        Plaintiff,<br><br>   v.<br><br>DEBRA HERNDON, et al.,<br><br>        Defendants. | No. 2:09-cv-1878 KJM KJN P<br><br><br><br>ORDER |

      Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Currently pending, but not addressed by the instant order, is defendants' motion to dismiss for failure to exhaust administrative remedies.  That motion is now fully briefed (see ECF Nos. 107, 122, 124, and related filings), and will be addressed by separate findings and recommendations, and order, of this court.  The instant order is limited to all other matters currently pending in this action.

I. Discovery

      Plaintiff and defendants seek, respectively, and without objection, reasonable extensions of time within which to respond to outstanding discovery requests.  The discovery deadline, originally set for August 30, 2013 (ECF No. 90), was extended to November 1, 2013 (ECF No. 103).  Plaintiff seeks a short extension of time within which to respond to defendants' interrogatories (ECF No. 123), while defendant O'Brian seeks a short extension of time within

1

which to respond to Plaintiff's Requests for Admission, Set One (ECF No. 127).  For good cause shown, both motions will be granted, with the common deadline of November 1, 2013.

II. Plaintiff's Deposition

     Plaintiff filed two motions to preclude or limit his deposition, which was apparently taken on September 26, 2013:  (1) a motion (ECF No. 115) to rescind the court's order authorizing defendants to conduct plaintiff's deposition by videoconference (ECF No. 110); and (2) a motion for protective order (ECF No. 119).  Although these matters appear to be moot, the court also finds, nunc pro tunc, that plaintiff failed to demonstrate good cause to preclude or limit his deposition.

     Plaintiff argued that his deposition was scheduled prematurely, because discovery is ongoing; plaintiff had not yet reviewed all the materials he had received, and therefore felt unprepared to be deposed; the deposition would be unreasonably cumulative or duplicative, because plaintiff had already responded to defendants' numerous and detailed interrogatories; taking plaintiff's deposition without the benefit of counsel was inherently prejudicial to plaintiff; and taking his deposition by videoconference was prejudicial because plaintiff would be required to answer sensitive questions in the presence of correctional officers, rendering him potentially vulnerable to intimidation and retaliation.  Plaintiff suggested that defendants' deposition questions would be better framed and answered through further written interrogatories.  (ECF No. 115.)  Plaintiff set forth the same arguments in support of his request for a protective order "delaying the deposition, or forbidding it pending further justification; requiring the defendants to omit or properly limit and improve the specificity of any included document requests; and requiring proper preparation on both sides." (ECF No. 119 at 5 (original emphasis).)

     The undersigned finds that plaintiff failed to establish good cause for a protective order limiting or precluding his deposition.  See Fed. R. Civ. P. 26 (c)(1) (authorizing issuance of "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .").  Plaintiff initiated this action and has a duty to prosecute it diligently, which includes the obligation to be deposed by defendants.  "In view of the general philosophy of full discovery of relevant facts . . . it is rare that a court will order that a deposition not be taken at

all." 4 J. Moore at al., Moore's Federal Practice ¶ 26.69 (2d ed. 1989). "A court should not prohibit a relevant deposition 'absent extraordinary circumstances' because such a prohibition would 'likely be in error.'" Lexington Ins. Co. v. Sentry Select Ins. Co., 2009 WL 4885173, *3 (E.D. Cal. 2009) (quoting Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir.1979)). Nor has plaintiff demonstrated that the timing, content, or method of his deposition should have deviated from routine procedures. "'Broad allegations of harm . . . do not satisfy the Rule 26(c) test.'" Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir.1992) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir.1986)). Convening plaintiff's deposition on September 26, 2013 was reasonable in light of the original discovery deadline of August 30, 2013, and extended deadline of November 1, 2013. Deposing plaintiff by videoconference, rather than by written interrogatories, was also reasonable, in deference to defendants' considerations of time and expense. Although both sides have propounded extensive written discovery, it is well accepted that defendants should have the opportunity to observe plaintiff's demeanor and credibility, and his ability to effectively respond to questioning. Moreover, absent specific reasons to be deposed outside the presence of a specific correctional officer, "[p]laintiff has no legal right to attend his deposition without the presence of a correctional officer. A civil lawsuit, including a deposition, is a public proceeding, and the Court will not interfere with prison procedures that require the attendance of a correctional officer at a prisoner's deposition." Moore v. Stepp, 2013 WL 1832640, *7 (N.D. Cal. 2013). For these several reasons, the undersigned finds that plaintiff failed to demonstrate good cause to preclude or limit his deposition.

Therefore, plaintiff's motion to rescind the court's authorization of his deposition (ECF No. 115), and motion for protective order (ECF No. 119), while moot, are also denied on the merits.

III. Request for Appointment of Counsel

In tandem with plaintiff's motion to rescind the court's order authorizing his videotaped deposition, plaintiff again requested appointment of counsel (ECF No. 116). This is plaintiff's sixth request (ECF Nos. 4, 40, 85, 96, 100); the court has denied without prejudice each prior

1  request (ECF Nos. 21, 42, 86, 108).  Plaintiff's request for appointment of counsel was premised
2  on reasons similar to those asserted in support of his requests to limit his deposition.  Plaintiff
3  asserted that appointed counsel was necessary at his deposition "to temper the hostility and tactics
4  of defendants' attorneys," and to "help [plaintiff] . . . identify objectionable questions and
5  statements of defendants' attorneys, to state these objections on the record, and to negotiate
6  resolution of the objections."  (ECF No. 116 at 2.)

       Although plaintiff's request for representation during his deposition is now moot, the court again finds that plaintiff has failed to demonstrate exceptional circumstances warranting the appointment of counsel.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  As the court has repeatedly noted, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States District Court, 490 U.S. 296, 298 (1989).  The court may appoint only those attorneys who volunteer their time to assist an inmate, and the number of such volunteers is very limited.  Circumstances common to most prisoners do not establish exceptional circumstances warranting appointment of counsel.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  All prisoners who initiate a civil rights action are subject to deposition by the defendants; this process is not exceptional.  Moreover, plaintiff has consistently demonstrated that he is an articulate advocate, despite the complexity of the legal issues in this action.  Finally, the only substantive matter currently pending in this action is defendants' motion to dismiss, premised on plaintiff's alleged failure to exhaust his administrative remedies. (ECF No. 107.) The court's analysis of that motion requires an objective analysis based on the papers, the merits of which cannot be enhanced by the assistance of counsel.

       For these reasons, the court denies plaintiff's instant request for appointment of counsel.

IV. Court File in Central District of California

       The court acknowledges plaintiff's notice (ECF No. 117) of the destruction of documents, and his requested preservation of records, in plaintiff's closed habeas corpus action in the United States District Court for the Central District of California.  (Navarro v. Sullivan, Case No. 2:07-cv-1593 DDP PJW.)  Plaintiff's request lacks foundation.  The destruction of original documents

filed by pro se litigants is authorized by Local Rule after the documents have been scanned into the Case Management/Electronic Case Files (CM/ECF) System. <u>See</u> Cent. Dist. Cal. Local Rule 5-4.2 (a)(1).

Accordingly, there is no action or remedy that may be taken by this court. Pursuant to the undersigned's review of the cited docket, plaintiff is assured that the documents in that action remain available electronically.

V. <u>Pending Discovery Request</u>

On October 2, 2013, plaintiff filed a motion for the court's assistance in obtaining the documents sought by plaintiff's Request for Production of Documents, Set One, served on defendant S. Kernan. Plaintiff asserts that the requested documents are essential to his opposition to the pending motion to dismiss. Therefore, defendants will be required to respond to plaintiff's motion. Additionally, although plaintiff has already filed his opposition, the court will consider, after reviewing defendants' response, whether to permit plaintiff the opportunity to file a supplemental opposition.

VI. <u>Conclusion</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 123), for an extension of time within which to respond to defendants' interrogatories, is granted; plaintiff shall serve his responses on or before November 1, 2013.

2. Defendants' motion (ECF No. 127), for an extension of time within which defendant O'Brian may respond to Plaintiff's Requests for Admission, Set One, is granted; defendant O'Brian may serve her response on or before November 1, 2013.

3. Plaintiff's motion (ECF No. 115) to rescind this court's order authorizing plaintiff's deposition by videoconference, and motion (ECF No. 119) for protective order to prevent or limit his deposition, are denied as moot, and on the merits.

4. Plaintiff's motion for the appointment of counsel (ECF No. 116), is denied without prejudice.

////

      5. Defendants shall, within 14 days after the filing date of this order, file and serve a response to plaintiff's motion for further discovery (ECF No. 126); plaintiff may, within 7 days thereafter, file and serve a reply *that is no more than 8 pages in length, including exhibits*.

      SO ORDERED.

Dated:  October 15, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nava1878.misc.oct.13