UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO NAVARRO, | No. 2:09-cv-1878 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEBRA HERNDON, et al., | |
| Defendants. | |

Plaintiff is a prisoner at Ironwood State Prison, who proceeds in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending are several outstanding discovery matters.[1]

I. Plaintiff's Deposition

Defendants move for monetary or terminating sanctions against plaintiff based on his alleged failure to fully participate at his September 24, 2013 deposition. Alternatively, defendants seek an order of this court requiring that plaintiff appear at, and fully participate in, a rescheduled deposition. (ECF No. 128.)

Defendants acknowledge that they convened plaintiff's deposition despite the pendency, in this court, of plaintiff's related motion for a protective order, filed September 12, 2013. (Id. at

---

[1] Also pending is defendants' motion to dismiss (see ECF Nos. 107, 122, 124, and related filings), which will be separately addressed in findings and recommendations.

2.)[2]  On October 15, 2013, this court denied plaintiff's motion, on the ground that plaintiff had failed to establish good cause for a protective order limiting or precluding his deposition. (ECF No. 131 at 2-3) (citing Fed. R. Civ. P. 26 (c)(1)).  For the same reasons set forth in that decision, the court finds that defendants are entitled to have the opportunity to fully depose plaintiff. Therefore, the court will authorize a second scheduled deposition, and require plaintiff's full participation thereto.

////

---

[2]  Defendants' counsel concedes that he moved forward with the deposition despite his awareness of the pending motion. As stated in counsel's declaration (ECF No. 128-1 at 2):

> . . . 6. On September 12, 2013, Plaintiff filed a motion for protective order regarding the noticed deposition. (ECF No. 119.)
>
> 7. In the motion, Plaintiff sought a protective order on the ground that the deposition was speculative, premature, potentially duplicative, and burdensome.
>
> 8. Although Plaintiff sent me a letter expressing his concerns and asking me to reschedule the deposition, I did not receive his letter until September 16, 2013, after his motion had been filed.
>
> 9. Since I did not believe that a written response would reach Plaintiff prior to the deposition, I contacted the Litigation Coordinator at Ironwood State Prison in an attempt to communicate with Plaintiff regarding his concerns.
>
> 10. I was not able to communicate directly with Plaintiff prior to the deposition.
>
> 11. However, I asked the litigation coordinator to deliver a message to Plaintiff regarding what I perceived to be his most pressing concern, my request in the Amended Notice of Deposition that Plaintiff produce documents at his deposition.
>
> 12. In an effort to allay Plaintiff's concerns about participating in his deposition, I asked the Litigation Coordinator to inform Plaintiff that, as long as he responded to my previously served request for production of documents, it was not necessary for him to produce any additional documents at his deposition.
>
> 13. Because Plaintiff did not move to stay the deposition, the Court had not issued a protective order, and Navarro did not directly express his intent not to participate prior to the deposition, I went forward with the deposition.

(See also ECF No. 128-2 at 5-26 (transcript of Sept.12, 2013 deposition).)

2

However, defendants' request for monetary and/or terminating sanctions is denied, because plaintiff reasonably declined to fully participate in the initial conference, given the pendency of his motion for protective order.  Nevertheless, plaintiff is informed that any further failure to cooperate in discovery, particularly his deposition expressly authorized by this order, may warrant the imposition of sanctions, including the potential recommended dismissal of this case.  See generally Fed. R. Civ. P. 37.

II. Written Discovery

    A.  Defendants' Motion re. Interrogatories

Defendants move for terminating or preclusive evidentiary sanctions against plaintiff based on his alleged failure to "provide substantive responses to any of Defendants' interrogatories and instead interposed objections without legal foundation."  (ECF No. 135-1 at 1.)  Defendants' motion, filed October 25, 2013, challenges the sufficiency of plaintiff's answers to interrogatories which he served on defendants on October 9, 2013.  However, subsequently, on October 15, 2013, this court granted plaintiff's request for an extension of time within which to fully answer defendants' interrogatories, until November 1, 2013.  (ECF No. 131.)

Because defendants' motion (ECF No. 135) appears to be moot (see also Plaintiff's Opposition (ECF No. 139)), it is denied without prejudice.

    B.  Plaintiff's Motion re. Requests for Admissions

On October 11, 2013, plaintiff filed a motion to compel answers to plaintiff's Requests for Admissions, Set One, which he served in August 2013 on defendants Grannis, Kernan, Walker and O'Brian. (ECF No. 130.)  Pursuant to this motion, plaintiff seeks an order requiring defendants to serve their answers, or an order deeming the requests admitted, as well as monetary sanctions for plaintiff's expenses in bringing the instant motion.

Defendants filed a response to this motion (ECF No. 132), averring that their answers were timely served, as follows:  Kernan served (mailed) his responses on October 3, 2013 (id., Defs' Ex. A); Walker served his responses on October 3, 2013 (Defs' Ex. B); and Grannis served her responses on October 7, 2013 (Def's Ex. C).  Review of plaintiff's motion indicates that it was signed and submitted to prison officials for mailing on October 7, 2013.  (ECF No. 130 at 4.)

It is reasonable to assume that defendants' answers had not been delivered to plaintiff before he submitted his motion for mailing to the court; plaintiff's failure to file a reply brief is consistent with this assumption. In addition, as defendants note, the court previously granted defendants' request for an extension of time (until November 1, 2013) within which to serve plaintiff with defendant O'Brian's answers (ECF No. 131 at 1-2), and assumes that defendant O'Brian complied with this deadline (three weeks after plaintiff filed this motion).

Because it appears that plaintiff's motion (ECF No. 130) is now moot, it is denied without prejudice.

### C. Plaintiff's Motion for Issuance of a Subpoena Duces Tecum

Pursuant to this court's order filed October 15, 2013, defendants were directed to file a response to plaintiff's motion (ECF No. 126), which requested the court's assistance in obtaining, pursuant to a subpoena duces tecum, the documents sought by plaintiff's Request for Production of Documents, Set One, served on defendant S. Kernan (who was apparently CSP-SAC Warden during the relevant period). Plaintiff asserted that the requested documents were essential to his opposition to the pending motion to dismiss. The court stated that it would, after reviewing defendants' response, consider plaintiff's implicit request for leave to file a "supplemental opposition."

As defendants note, the documents identified in plaintiff's proposed subpoena duces tecum are identical to those identified in his production request served on defendant Kernan (except that the subpoena does not include Request for Production No. 15). (ECF No. 136 at 2-3.) Defendants assert that plaintiff has failed to indicate how defendant Kernan's responses to plaintiff's production requests were inadequate, and argue, therefore, that a subpoena would not elicit additional information.

The court's review of defendant Kernan's responses (ECF No. 126 at 15-24), demonstrates that he produced several responsive documents, despite his objections and assertions of privilege, which the court finds generally to be reasonable. Plaintiff has not demonstrated how a further production request, by subpoena, would elicit additional relevant documents and information. Therefore, plaintiff's motion for issuance of a subpoena duces tecum

4

(ECF No. 126) is denied.

III. <u>Plaintiff's Requests to File Additional Briefing and Exhibits Opposing the Motion to Dismiss</u>

Several of plaintiff's recent filings assert that the information contained therein is essential to his opposition to defendants' motion to dismiss. (<u>See</u> ECF Nos. 126, 129, 137.) Defendants move to strike (ECF No. 138) one of these filings, designated by the Clerk of Court as a "Supplement to Opposition" (ECF No. 137), which defendants assert is an unauthorized surreply.

Because the pending dispositive motion is a motion to dismiss based on plaintiff's alleged failure to exhaust his administrative remedies, plaintiff must be accorded adequate opportunity to submit, in opposition, all documents he believes are relevant. <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003). Defendants so informed plaintiff when they filed their motion to dismiss (ECF No. 107-2), and the court provides a similar notice to plaintiffs on a routine basis.[3] Plaintiff's numerous filings in opposition to defendant's motion to dismiss appear to reflect his awareness of this heightened burden. Plaintiff's formal opposition (ECF No. 122) to the motion to dismiss, and related requests for judicial notice (ECF Nos. 120-21), comprise more than 1700 pages.[4] Plaintiff's

---

[3] The court's notice to plaintiffs opposing a motion to dismiss for failure to exhaust administrative remedies provides in pertinent part:

> A "motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings." <u>Stratton v. Buck</u>, 2012 WL 4094937, at *3 (9th Cir. Sept. 19, 2012). The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion. [¶] To oppose the motion, you must submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

[4] The court is mindful that defendants have filed an opposition to plaintiff's request for judicial

subsequent filings (ECF Nos. 126, 129, 137) comprise 165 pages.  Plaintiff seeks to demonstrate by his copious filings, at least in part, that he was unable to exhaust some administrative grievances because allegedly deliberately thwarted by defendants.

In an abundance of caution, and for good cause shown, the court will construe plaintiff's additional filings as both a request for leave to file a surreply, and a combined surreply, which the court will authorize, nunc pro tunc.[5]  Therefore, the court denies defendants' motion to strike (ECF No. 138), and authorizes the filing of plaintiff's constructive "surreply," which shall include plaintiff's documents filed October 2, 2013 (ECF No. 126), October 10, 2013 (ECF No. 129), and November 8, 2013 (ECF No. 137).  (The Clerk of Court is directed to add a "surreply" designation to each of these docket entries, without deleting their current designations.)

However, **plaintiff is admonished that he shall file no more briefing** in this case until the district judge has ruled on the undersigned's findings and recommendations on defendants' motion to dismiss.

IV. Discovery Deadline

Defendants move to extend the discovery deadline in this action to permit additional time within which to conduct plaintiff's deposition.  The current extended deadline expired on November 1, 2013.  In light of the parties' protracted discovery disputes, the court will not extend the discovery deadline as to all matters, but will authorize an extension of the deadline solely for the purpose of convening plaintiff's second deposition.  Therefore, defendants' motion to modify the scheduling order (ECF No. 133), is granted in part:  defendants shall complete plaintiff's deposition on or before January 15, 2014 (and shall accord plaintiff with at least 14 days prior notice), and such deposition may be conducted via videoconference, as previously authorized (see ECF No. 110).  No further discovery is authorized, other than what has already been ordered by the court.

---

notice (ECF No. 125), to which plaintiff has replied (ECF No. 134); the court will address this matter when it rules on the motion to dismiss.

[5]  The court is aware that this ruling is atypical; however, the volume of plaintiff's recent filings is di minimis compared to that of his original filings, and the court is guided by both prudence and practicality.

6

## V. Admonition

Although plaintiff is a prolific writer and filer in this action, this appears to be in response, at least in part, to defendants' strenuous litigation posture, notwithstanding plaintiff's pro se status and incarceration. The copious briefing by both sides has required an inordinate amount of the court's time. Both sides are admonished to attempt to informally resolve any matters that may arise in this case while biding their time until this court's ruling on defendants' motion to dismiss.

## V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion (ECF No. 128) for monetary or terminating sanctions, associated with plaintiff's first-scheduled deposition, is denied.

2. Defendants' motion (ECF No. 135) for sanctions, premised on plaintiff's answers to interrogatories, is denied without prejudice.

3. Plaintiff's motion for issuance of a subpoena duces tecum (ECF No. 126) is denied.

4. Plaintiff's motion (ECF No. 130) to compel answers to his Requests for Admissions, Set One, served on defendants Grannis, Kernan, Walker and O'Brian, and his related request for monetary sanctions, are denied without prejudice.

5. Defendants' motion to strike (ECF No. 138) is denied; the Clerk of Court shall add the designation "Surreply" to plaintiff's documents filed October 2, 2013 (ECF No. 126), October 10, 2013 (ECF No. 129), and November 8, 2013 (ECF No. 137) (without deleting these documents' current designations);[6] these filings shall be considered together with plaintiff's original briefing on defendants' motion to dismiss.

////
////
////
////
////

---

[6] The Clerk of Court shall also delete the gavel at ECF No. 129.

6. Defendants' motion (ECF No. 133) to modify the scheduling order is denied in part; no further discovery is permitted unless previously authorized by court order, with the exception that plaintiff is directed to appear at, and fully participate in, his second deposition, which shall be scheduled on or before January 15, 2014 (defendants shall accord plaintiff prior notice of at least 14 days), and which may proceed via videoconference.

SO ORDERED.

Dated: November 19, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nava1878.misc.nov.13