UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO NAVARRO, | No. 2:09-cv-1878 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEBRA HERNDON, et al., | |
| Defendants. | |

The Ninth Circuit Court of Appeals, in <u>Albino v. Baca</u>, __ F.3d __, 2014 WL 1344468 (9th Cir. Apr. 7, 2014) (en banc), recently held that a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, not an "unenumerated 12(b) motion" to dismiss, is the appropriate vehicle for challenging a prisoner's claims based on an alleged failure to exhaust administrative remedies.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss for failure to exhaust administrative remedies, currently pending in this action (ECF No. 107), is denied without prejudice.

2. Defendant may file and serve, within thirty (30) days after the filing date of this order, a motion for summary judgment that includes notice to plaintiff of the evidentiary requirements for opposing the motion. See <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998). Such motion shall be briefed in accordance with Local Rule

230(l).

    3. Due to the patchwork nature of briefing on the prior motion to dismiss (see e.g. ECF No. 140 (designating three documents as portions of plaintiff's surreply)), neither defendants nor plaintiff may rely on evidence previously submitted in this action.  Rather, defendants may file one motion and a reply (optional), and plaintiff may file one opposition but no surreply; these respective briefs shall include all of the parties' evidence.

    4. Finally, plaintiff is admonished to stop filing errant motions and requests in this action.  (See e.g. ECF No. 141 (request for court intervention); ECF No. 142 (notice of obstruction); ECF No. 143 (request for order allowing new evidence).)  Plaintiff is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action.  DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F2d 351, 352 (10th Cir. 1989).  Plaintiff has filed excessive motions and requests in this action.  If plaintiff does not exercise appropriate restraint in the future, by limiting his filings only to authorized matters, the court will expressly consider whether to restrict plaintiff's access to the court for the remainder of this litigation.

    SO ORDERED.

Dated:  April 16, 2014

/nava1878.Albino.admon

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE