UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO NAVARRO, | No. 2:09-cv-1878 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEBRA HERNDON, et al., | |
| Defendants. | |

Plaintiff requests clarification of this court's April 16, 2014 order denying, without prejudice, defendants' motion to dismiss for failure to exhaust administrative remedies, and granting defendants leave of court to file and serve, within thirty days, a motion for summary judgment on the same grounds, as now required under Albino v. Baca, __ F.3d __, 2014 WL 1317141 (9th Cir. Apr. 3, 2014) (en banc). (See ECF No. 145.) This order hereby informs plaintiff that the substantive basis for the court's consideration of defendants' affirmative defense and plaintiff's opposition thereto remains unchanged. As plaintiff observes, the Ninth Circuit itself opined that this procedural change "may be more a matter of a change of nomenclature than of practical operation." Id. at *1. Therefore, if defendants file a motion for summary judgment for failure to exhaust administrative remedies, plaintiff must again include all pertinent evidence

////

////

1

and arguments in his opposition.[1]

In addition, as the court previously stated, in light of the several filings that comprised plaintiff's opposition to the prior motion to dismiss, plaintiff may file only ONE opposition to a motion for summary judgment. While this opposition should include all relevant evidence and arguments, it must be organized into ONE document. Plaintiff was also informed that he is to refrain from filing unnecessary matters in this case; plaintiff should file nothing more in this case until he is required to respond to a motion for summary judgment, or pursuant to further order of this court. A copy of the court's prior order and admonishments is attached herewith for plaintiff's review.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "motion for full scope clarification" (ECF No. 146), is granted, as set forth herein.

2. The Clerk of Court is directed to send plaintiff, together with service of this order, a copy of the court's order filed April 16, 2014 (ECF No. 145).

Dated: May 13, 2014

/nava1878.Albino.clarif

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] To oppose a motion for summary judgment for failure to exhaust administrative remedies, you must submit proof of specific facts demonstrating your exhaustion of those remedies. See generally, Albino, supra, 2014 WL 1317141; Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012). To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.