UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO NAVARRO, | No. 2:09-cv-1878 KJM KJN P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| DEBRA HERNDON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner currently incarcerated at Ironwood State Prison in Blythe, California. Plaintiff proceeds, in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983, in which he challenges the conditions of his confinement while incarcerated at California State Prison-Sacramento ("CSP-SAC"). The action proceeds on plaintiff's amended complaint. (ECF No. 24.)

On February 9, 2015, the undersigned issued findings and recommendations recommending that defendants' motion for summary judgment, in which they asserted that plaintiff had failed to properly exhaust administrative remedies, be denied. (ECF No. 154.) On March 19, 2015, the district judge adopted these findings and recommendations in full. (ECF No. 156.) The parties have since filed a number of motions, each of which is considered in turn below.

////

1

1. <u>Defendants' Motion to Modify the Scheduling Order</u>

On March 27, 2015, defendants moved to modify the scheduling order herein, requesting that the deadline for filing dispositive motions be extended to May 30, 2015. (ECF No. 157.) Defendants justify this extension of time as follows. On August 1, 2013, defendants initially filed a motion to dismiss based on plaintiff's alleged failure to exhaust administrative remedies. (See ECF No. 107.) On August 29, 2013, defendants filed a motion to modify the scheduling order, seeking to extend the deadline for filing dispositive motions until a date forty-five days after the court issued a ruling on defendants' then-pending motion to dismiss. (ECF No. 111.) The court granted this order. (ECF No. 112.) Defendants' motion to dismiss was then mooted by the Ninth Circuit's subsequent opinion in <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014) (en banc) (holding that defendants could no longer raise the affirmative defense of administrative exhaustion via an unenumerated Rule 12(b) motion). Accordingly, defendants chose to raise the exhaustion issue via a motion for summary judgment filed on May 13, 2014. (ECF No. 147.) It is defendants' position that, despite the change in form of motion dictated by <u>Albino</u>, the forty-five day extension of time still holds, and dispositive motions must be filed no later than May 4, 2015. (Declaration of Jaime M. Ganson, ECF No. 157 at 7.) Counsel for defendants goes on to state that she was only recently assigned this case, having first appeared on February 24, 2015, (ECF No. 155),[1] and as of the date of filing the instant motion to modify the scheduling order, was only beginning to familiarize herself with its particulars. (ECF No. 157 at 7.) Counsel also identifies obligations in several other pending cases. (<u>Id.</u>) On this basis, counsel seeks an extension of time until May 30, 2015, to file dispositive motions herein.

Plaintiff filed an opposition to defendants' motion to modify the scheduling order. (ECF No. 158.) Plaintiff therein argues that, as this case commenced on July 9, 2009, defendants have had nearly five years and nine months to "have . . . had attorney[s] review the case material[s] . . ., to clarify, understand the case, interview all witnesses, and record or prepare their proposed testimony, especially to choose and prepare any type of defendant defense motion as

---

[1] The court notes that counsel erroneously identifies this date as March 19, 2015, in her supporting declaration, but does state the correct date in her motion.

summary judgment on the merits." (Id. at 1-2.) He points out the difficulty that he faces, with the passage of time, of relying on evidence dating from as early as 2005. (Id at 6.) Plaintiff also criticizes defendant's counsel for accepting assignment of a case when she already had preexisting, conflicting obligations in other cases. (Id. at 2.) Plaintiff also notes the many extensions of time already granted to defendants in this action, and points out that Albino, 747 F.3d at 1162, did not preclude defendants from filing a motion for summary judgment that addressed both the issue of administrative exhaustion as well as the merits of any substantive issues.

The court understands, and is sympathetic to, plaintiff's frustration with further delays in a case that has already lasted nearly six years. The court nevertheless finds good cause for the requested extension. Defendants' counsel has taken over a case of some complexity and has requested only a modest extension of time to file a dispositive motion herein. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Counsel is cautioned that, absent extraordinary circumstances, defendants will not be given any further extensions of time to file dispositive motions herein.

2. Defendants' Request for Clarification

In their motion for an extension of time, defendants also seek clarification of a portion of the Findings and Recommendations filed February 9, 2015. (ECF No. 154.) The court therein identified the surviving claims as including:

> Fourteenth Amendment Due Process claims against defendants Kernan, Walker, Baxter, Baker, Sclafani, and Morrow stemming from plaintiff's placement and retention in CSP-SAC's Ad Seg unit, "either pursuant to their participation in the [Ag Seg] Institutional Classification Committee . . . and/or in their substantive involvement and responses to plaintiff's exhausted administrative grievance challenging such placement and retention." ([Findings and Recommendations filed August 24, 2011, ECF No. 78] at 7.)

(ECF No. 154 at 3.) Defendants are correct that the quoted paragraph contains two errors. First, the citation to the August 24, 2011 Findings and Recommendations should have been to page 17, rather than to page 7. Second, plaintiff's Fourteenth Amendment Due Process claims are stated against defendants Kernan, Walker, Grannis, O'Brian, and Baxter; defendants Baker, Sclafani,

and Morrow are not named thereunder.[2]  As these corrections do not address the substance of the undersigned's recommendations regarding defendants' prior motion for summary judgment, the court need not vacate the prior findings and recommendations, but will instead issue an order of correction.[3]

3. <u>Plaintiff's Motion for Judgment as a Matter of Law</u>

Together with his opposition to defendants' motion to modify the scheduling order, plaintiff has also filed a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.  (ECF No. 159.)  The sole basis given by plaintiff for granting him judgment is that "there is no legally sufficient evidentia[r]y basis on which a jury could find for the defendants."  (<u>Id.</u> at 7.)

Plaintiff appears to have misunderstood Rule 50, which provides a mechanism for a party to file a motion *after* the party "has been fully heard on an issue during a jury trial."  Fed. R. Civ. P. 50(a)(1).  As trial has not commenced in this matter, plaintiff may not yet move for judgment under Rule 50.  Accordingly, the court will deny plaintiff's motion for judgment as a matter of law without prejudice.

It may be that plaintiff intended to file a motion for summary judgment under Federal Rule of Civil Procedure 56, the form of motion that is generally brought at the close of discovery and before the commencement of trial.  "The court shall grant summary judgment if the movant

---

[2] Defendants are correct that the court previously found that plaintiff had stated Fourteenth Amendment Equal Protection claims against defendants Baker and Sclafani (as well as defendants Kernan, Walker, Grannis, and O'Brian), and had not stated a Fourteenth Amendment claim against defendant Morrow.  (<u>See</u> ECF No. 78 at 20.)  However, the court also found that plaintiff had stated First and Fourteenth Amendment Free Exercise claims against defendants Baker and Sclafani (as well as defendants Kernan, Walker, Grannis, and O'Brian).  (<u>See</u> ECF No. 78 at 19-20; <u>see also</u> ECF No. 154 at 3-4.)

[3] Plaintiff argues vociferously that his Due Process claims should incorporate defendants Baker, Sclafani, and Morrow.  (<u>See</u> ECF No. 159 at 3-4.)  The court declines to revisit an issue decided more than three-and-a-half years ago on the basis of a typographical error.  Moreover, plaintiff's argument lacks merit.  For example, defendant Morrow was the SHU law librarian (<u>see</u> ECF No. 78 at 22); in that role, he could not have played a role in the decision to place or retain plaintiff in the SHU.  Similarly, the operative complaint, rather than deposition testimony (which plaintiff cites – <u>see</u> ECF No. 159 at 4), provides the legal basis for plaintiff's claims.  <u>See</u> Fed. R. Civ. P. 8.

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c).)[4]  Plaintiff is cautioned that if any party choosing to bring a motion for summary judgment must satisfy all of the requirements under Rule 56, Local Rule 260, and any applicable legal authorities.

4. Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum

Plaintiff has filed a petition for writ of habeas corpus ad testificandum under 28 U.S.C. § 2241, in which he seeks an order requiring that (i) he be made present at court for his trial, (ii) he not be placed at CSP-SAC or in administrative segregation during the duration of his trial, and (iii) he be permitted to bring necessary legal documents and textbooks to trial. (ECF No. 161.)

Plaintiff's motion will be denied as premature, as no trial date has been set in this matter. While it is the general practice of courts in the Eastern District of California to permit prisoners to personally attend trial in their civil rights cases, plaintiff is cautioned that he does not have an absolute right to attend trial. See Hernandez v. Whiting, 881 F.2d 768, 770-1 (9th Cir. 1989) ("[I]mprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf."); Times v. Jones, 137 Fed. Appx. 56 (9th Cir. 2005) (finding that trial court did not abuse its discretion in arranging for plaintiff to appear at trial by video). If this matter proceeds to trial, the final decision as to whether plaintiff will be permitted to attend in person will be left to the assigned district court judge.

---

[4] Federal Rule of Civil Procedure 56 was revised and rearranged effective December 10, 2010. However, as stated in the Advisory Committee Notes to the 2010 Amendments to Rule 56, "[t]he standard for granting summary judgment remains unchanged."

5. <u>Plaintiff's Motion to Appoint Counsel and to Appoint Expert Witness</u>

Plaintiff again moves for the appointment of counsel. (ECF No. 162.) This is plaintiff's seventh such request (<u>see</u> ECF Nos. 4, 40, 85, 96, 100, 116), and the court, as it has previously done (<u>see</u> ECF Nos. 21, 42, 86, 108, 131), will deny plaintiff's motion without prejudice.

The court again finds that plaintiff has failed to demonstrate exceptional circumstances warranting the appointment of counsel. <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). As the court has repeatedly noted, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States District Court,</u> 490 U.S. 296, 298 (1989). The court may appoint only those attorneys who volunteer their time to assist an inmate, and the number of such volunteers is very limited. Circumstances common to most prisoners do not establish exceptional circumstances warranting appointment of counsel. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff has consistently demonstrated that he is an articulate advocate, despite the complexity of the legal issues in this action. No substantive matters are currently pending in this action. If, as anticipated, defendants file a motion for summary judgment, plaintiff will have to tender affidavits, declarations, and/or admissible discovery material in support of any contention that a genuine issue as to any material fact actually exists. <u>See</u> Fed. R. Civ. P. 56(c); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). After years of litigation in this matter, there is little doubt in the court's mind that plaintiff is adequately familiar with the evidentiary materials necessary to defeat a motion for summary judgment and that he possesses the requisite competence to present these materials to the court. It is unlikely that appointed counsel would reach a similar degree of familiarity with the materials in this case without months of delay. It therefore appears that – particularly in light of plaintiff's expressed impatience with the pace of proceedings (<u>see</u> Opposition to Defendants' Motion to Modify the Scheduling Order, ECF No. 159) – plaintiff's ability to oppose any summary judgment motion would not be enhanced by the assistance of counsel at this juncture.

For these reasons, the court denies plaintiff's motion for appointment of counsel.

6

Plaintiff has also requested that the court appoint expert witnesses on his behalf. The request is denied without prejudice as premature. Plaintiff may renew his request at such time as the court directs the parties to file pretrial statements herein.

6. Conclusion

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the scheduling order (ECF No. 157) is granted. The parties' deadline for filing dispositive motions is extended to May 30, 2015.

2. The phrase at page 3, lines 14-15 of the Findings and Recommendations filed February 9, 2015 (ECF No. 154) which previously read "defendants Kernan, Walker, Baxter, Baker, Sclafani, and Morrow" is hereby restated in its entirety to read "defendants Kernan, Walker, Grannis, O'Brian, and Baxter."

3. The citation at page 3, line 19 of the Findings and Recommendations filed February 9, 2015 (ECF No. 154) which previously read "(Id. at 7.)" is hereby restated in its entirety to read "(Id. at 17.)"

4. Plaintiff's Motion for Judgment as a Matter of Law (ECF No. 159) is denied without prejudice.

5. Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum (ECF No. 161) is denied without prejudice.

6. Plaintiff's Motion for Appointment of Counsel and for Appointment of Expert Witnesses (ECF No. 162) is denied without prejudice.

7. The Clerk of the Court is directed to send plaintiff a copy of the document docketed as ECF No. 155.[5]

8. Plaintiff is, for the final time,[6] admonished to stop filing errant motions and requests in this action. A litigant proceeding in forma pauperis may suffer restricted access to the court

---

[5] On April 6, 2015, plaintiff filed a notice with the court indicating that he was not served a copy of this document. (ECF No. 158.)

[6] The court previously warned plaintiff on this subject in an order dated April 16, 2014. (See ECF No. 145.)

7

where it is determined that he has filed excessive motions in a pending action, as plaintiff has, and continues to do, herein. <u>DeLong v. Hennessey</u>, 912 F.2d 1144 (9th Cir. 1990); see also <u>Tripati v. Beaman</u>, 878 F2d 351, 352 (10th Cir. 1989). If plaintiff does not exercise appropriate restraint in the future, by limiting his filings only to authorized matters, the court will restrict plaintiff's access to the court for the remainder of this litigation.

Dated: May 6, 2015

/nava1878.various

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE