UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO NAVARRO, | No. 2: 09-cv-1878 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEBRA HERNDON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Several matters are pending before the court.

Plaintiff's Motion for Extension of Time to File Objections

On March 25, 2016, the undersigned recommended that defendants' summary judgment motion be granted in part and denied in part.  (ECF No. 183.)  On April 6, 2016, the undersigned issued an order setting a settlement conference.  (ECF No. 184.)  The April 6, 2016 order also stated that if the case did not settle, the parties had 14 days following the settlement conference to file objections.  (Id.)

On July 8, 2016, the settlement conference was held.  The case did not settle.  Pending before the court is plaintiff's July 19, 2016 motion for an extension of time to August 22, 2016, to file objections. Good cause appearing, this motion is granted

////

1

Plaintiff's Motion to Strike

On March 2, 2016, defendants filed a notice of errata. (ECF No. 181.) In this notice, defendants stated that the request for judicial notice filed in support of their summary judgment motion erroneously included a second copy of Exhibit L in place of the intended Exhibit K. In the notice of errata, defendants request that the corrected Exhibit K, attached to the notice of errata, be substituted for the erroneously included exhibit to their previously filed request for judicial notice. In considering defendants' summary judgment motion, the undersigned substituted the corrected Exhibit K attached to the notice of errata.

On March 23, 2016, plaintiff filed a motion to strike the notice of errata. (ECF No. 182.) Plaintiff argues that the corrected Exhibit K is untimely.

Defendants' request to correct an error in their exhibits is properly made in the notice of errata. Accordingly, plaintiff's motion to strike the notice of errata is denied.

Plaintiff's Motion for Appointment of Counsel

On June 3, 2016, plaintiff filed a motion for appointment of counsel. (ECF No. 189.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of

counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike (ECF No. 182) is denied;

2. Plaintiff's motion for an extension of time to file objections (ECF No. 198) is granted; plaintiff's objections o to the March 25, 2016 findings and recommendations are due on or before August 22, 2016;

3. Plaintiff's motion for appointment of counsel (ECF No. 189) is denied without prejudice.

Dated:  July 22, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Nav1878.obj